### NEUHOFF BROS. v. OSCAR MAYER PACKING CO., Inc. et al.

### Civ. No. 4888.

United States District Court
N. D. Texas, Dallas Division.

Feb. 18, 1953.

Turner, Rodgers, Winn, Scurlock & Terry, Lon Sailers, and George S. Terry, Dallas, Tex., for plaintiff.

Thompson, Knight, Wright & Simmons, Dallas, Tex., by Geo. S. Wright, Dallas, Tex., Raymond L. Greist, Chicago, Ill., for defendants.

ATWELL, Chief Judge.

Speaking generally, at first, a trade-mark, as I understand it, cannot be a color, because the number of colors is limited. And, it would be manifestly unfair to grant exclusive use of a color to any individual.

A trade-mark cannot be a package, or, a container. The only reason that those thoughts are presented, is, because the evidence here covers a large field, both by the plaintiffs, and, the defendants. Colors, in packaging, and, names, may be, for the purpose of a given result to-wit, a lack of confusion by the public buyers.

I cannot conceive that a copyright could appropriately be issued lawfully for a name, for a word which means, and, is descriptive of the product itself. The word "smokie," or, "smokey," or, "smokees," might have some difficulty in getting a valid copyright, or, valid trade-mark.

But, be that as it may, the plaintiffs here were issued a trade-mark. by the State of Texas. Also, be that as it may, there has been a continued use of this word, and, of these words, on various, and, sundry pork sausage outputs throughout the nation for a number of years prior to the securing of the trade-mark in Texas by the plaintiffs. Plaintiffs may not by a common-law right, or, even by a copyright, claim that which had already been claimed and used by others.

When we come to a common-law violation, we find a very illuminating opinion by the Supreme Court in the Armstrong Paint & Varnish Works v. Nu-Enamel Corp., 305 U.S. 315, 59 S.Ct. 191, 83 L.Ed. 195, which was a reversal of a trial court, and, of the Second Circuit Court of Appeals, 95 F.2d 448, because the trial court held it had no jurisdiction, and so forth, but, in that particular opinion, there are many suggestions that are helpful in these cases.

Neuhoff Brothers, the plaintiffs have been active in advertising their product, and, such expenditures have increased from year to year; and, their sales have increased from year to year.

I think that the facts, as I have summarily stated them already, with reference to this matter, preclude the possibility of using this particular word to describe the pork sausage which has been smoked, and, which are put up in little intestine containers.

I think the law should keep its hands off here. The individuals are able to take care of themselves. If there is a confusion, then we might have another jurisdiction over it. But, it seems to me that practically every precaution has been taken against confusion. And, there is no testimony that any customer has been confused and, purchased one of the defendant's products, thinking that he was buying plaintiff's products.

I believe it is better to follow the law, as we understand it, and, the facts as we have found, and, make the decree, dismissing the bill.